"Welch, C. J.
The simple question presented is, whether this bond was binding upon the defendants, either as a statutory or as a common law obligation. That it is not in strict conformity to the statute must be admitted. The statute (1 S. & C. 591) authorizes the execution of such a bond before the making- of the order -of sale, and gives it the effect of preventing any such order being made. Here the bond was executed after the order of sale, and was to have the effect of preventing its execution. In other words, .the statutory bond supersedes the granting and execution of any such order of sale, whereas this bond was designed to supersede the execution alone. "Without undertaking to de *80 cide the technical question, whether the bond in controversy is to be denominated a statutory or a common law-bond, it is enough to say that we think the defendants are-bound .by it. It was executed, if the petition is true, upon a sufficient consideration, namely, that the plaintiff would forbear execution of the order of sale. The purpose for which the bond was executed, was not only lawful, but it' contemplated a substantial carrying out of the very object of the statute, which was, to prevent the sale of .decedants’’ lands to pay debts, if the heirs or devisees would give good security for their payment. The order of sale having already been made, the parties did all they could, at that late-date, to carry out the object of the statute, and we are satisfied that the bond, although not within the letter of the-statute, is binding upon the defendants. Whether it is to-be regarded as a statutory bond, and whether the creditors could have compelled the executor to enforce the sale notwithstanding the bond, we need not inquire. To make a case against the obligors it is enough that the creditors did' not interfere, that the obligors have had the benefit of all they contracted for, and that the arrangement was a substantial carrying into effect of the very object of the statute..

Judgment reversed.